Mr. Justice Thacher
delivered the opinion of the Court.
This is a motion to dismiss this cause, because there is no judgment of the Court stated in the record, and because the clerk of the Circuit Court was not authorized to issue a writ of error in such case.
Upon a petition to him, therefore, a writ of error was issued by the clerk of the Circuit Court of Franklin county, upon "a decree of said Circuit Court, overruling a demurrer to a bill filed in said Court addressed to its equity jurisdiction.
By the statute, H. & H. 541, s. 50, making a writ of error issuable by the clerk of any Court in this State to any judgment or decree, upon the proper application, a change was made so far in the source from which such writ could issue, but no alteration was intended in the kind of judgments and decrees to which a writ of error would’previously lie by law. Green v. The Estate of Whiting, 1 Sme. & Marsh. R. 579. Bylaw (How. & Hutch. 538, s. 40), no writ of error is allowed from any judgment of the Circuit Court until final judgment in such Court. The statute, H..& H. 513, s. 37, extends the privilege of this writ in the Superior Court of Chancery, to cases of interlocutory orders or decrees, when thereby money is required to be paid, or the possession or title of property to be changed, or when the Court or Chancellor shall think such appeal proper in order to settle the principles of the cause, or to avoid expense and delay, or, when, upon the refusal of the Court or Chancellor, upon petition, the Supreme Court, or any Judge thereof in vacation, for any error therein, may grant an appeal from such order or decree. An appeal or writ of error lies only from a final decree in chancery, with the exceptions just enumerated. Wright v. Petrie, 1 Sme. & Marsh. Ch. R. 326. In the present case, neither money is required to be paid, nor the possession or title of property changed by the decree on the demurrer. Whether, then, we consider this case as controlled by the law regulating writs *591 of error to the Circuit or to the Chancery Court, in neither point of view can this Court take jurisdiction of it in its present stage. Since the writ of error in this case was sued out, the law regulating appeals from decrees overruling demurrers in Chancery has been altered. Laws of Miss. 1844, ch. 13, s. 3.
The motion is therefore sustained.